On appellant's motion for reconsideration filed December 19, 1995, reconsideration allowed; opinion (138 Or App 255, 907 P2d 257 (1995)) modified and adhered to as modified February 7, petition for review denied April 30, 1996 (323 Or 153)

Jeffrey Wayne KINNEY,
*Appellant,*

*v.*

Karen O'CONNOR,
in her capacity as County Clerk
for the County of Lake
and Lake County,
*Respondents.*

(9400357; CA A86224)

910 P2d 1161

Charles F. Hinkle for motion.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff moves for reconsideration of our opinion, 138 Or App 255, 907 P2d 257 (1995), in which we held that ORS 659.165(1) does not prohibit defendants Lake County and its clerk from holding an election on an initiative measure that, if enacted, would grant special rights, privileges or treatment to, or single out, citizens or groups of citizens on account of sexual orientation. Plaintiff contends that we overlooked a portion of his complaint in which he asked, in the alternative, for a declaration that defendants cannot count the ballots from such an election. He further contends that the Supreme Court held in *Boytano v. Fritz*, 321 Or 498, 901 P2d 835 (1995), that the statutory prohibition on "enacting" ordinances in violation of ORS 659.165(1) means that local governments cannot count ballots on initiative measures that would violate the statute. We allow the motion to reconsider, modify our opinion and adhere to it as modified.

The *Boytano* decision does not stand for the proposition that local governments cannot count ballots in elections concerning initiative measures that, if "enacted," would violate ORS 659.165(1). The court in that case determined what the term "enacting" as used in ORS 659.165 did *not* mean; that is, it held that the prohibition on "enacting" certain measures did not mean that local governments could not hold elections. The court expressly refrained from deciding what the term *does* mean:

"We need not, and do not, decide whether the proposed initiative measure, if it were to pass, could be treated as an enacted law or enforced."

321 Or at 507 n 4.

Moreover, what the court did say about the term makes clear that "enacting" does not mean merely counting the ballots. In deciding that the term does not prohibit holding elections, the court referred to a dictionary definition of "enact" as the last act by which something is "made into law." The court commented that under that dictionary definition,

"an initiative measure is 'enacted' after a vote, when an elections officer tabulates the votes *and certifies that a majority of voters approved the proposed measure.* An initiative measure is not 'made into law' until it has been approved by the voters; therefore, it is not 'enacted' if (for

example) it is voted on, but fails to win approval from the electorate."

*Id.* at 506. (Emphasis supplied.)

Similarly, in examining the constitutional context of the statute, the court noted that Article IV, section 1(2)(a), provides that, in voting on initiative measures, voters may "enact or reject" such measures:

> "Because voters may 'enact or reject' a measure at an election, a measure is not enacted until it has been approved, not rejected, by the voters."

321 Or at 506. Thus, a counting of ballots is necessary to determine whether a measure has been "enacted." It follows that the prohibition on "enacting" certain measures, as provided in ORS 659.165, does not prohibit local governments from counting votes.

Reconsideration allowed; opinion modified and adhered to as modified.